JAMES W. LOGAN, APPELLEE, v. JENNIE A. WITTUM ET AL., APPELLANTS.

FILED JANUARY 21, 1903.   No. 12,226.

New Appraisement After Two Futile Attempts at Sale: NUMBER UNLIMITED. Section 495 of the Code of Civil Procedure authorizes a new appraisement of property whenever it is demonstrated, by two futile attempts to sell, that the preceding valuation was too high. The number of appraisements is not limited.

Syllabus by court; catch-words by editor.

APPEAL from the district court for Douglas county from confirmation of foreclosure sale. Heard below before DICKINSON, J. *Affirmed.*

*George F. Wittum* and *James W. Carr,* for appellants.

*George A. Magney,* contra.

SULLIVAN, C. J.

This is an appeal from an order of the district court for Douglas county confirming a foreclosure sale. The question raised by the record is novel, but not difficult. The property described in the decree, after having been twice appraised and twice advertised and offered for sale under each appraisement, remained unsold for want of bidders. A third appraisement was then made, and upon this appraisement is based the sale ratified by the order under review.

The contention of appellants is that the second valuation was final and conclusive, and the third one unauthorized and void. This conclusion is not fairly deducible from the statute. The sale of the land for the satisfaction of the mortgage is the sole end and only purpose of a foreclosure suit. The law aims to prevent a sacrifice of the debtor's property, but it intends, nevertheless, that the property shall be sold if a sale is necessary. No insuperable obstacle to the enforcement of the mortgage is contemplated. The judgment of the persons making the second appraisement can not stand as an absolute bar to the creditor's demand for satisfaction of his claim. Section 495 of the Code of Civil Procedure is as follows: "In all cases where real estate may hereafter be levied upon, by virtue of any execution or order of sale, and shall have been appraised, and twice advertised and offered for sale, and shall remain unsold for want of bidders, it shall be the duty of the officer to cause a new appraisement of such real estate to be made, and successive executions or orders of

sale may issue at any time in vacation, after the return of the officer 'not sold for want of bidders,' at the request of the plaintiff or his attorney." This section, as we interpret it, is not a limitation upon the power of the officer holding the execution or order of sale, but a direction to him to re-appraise whenever property, after having been twice advertised and offered for sale, remains unsold for want of bidders. The thought which the legislature intended to express was that there should be a new valuation as often as it should be demonstrated, by two futile attempts to sell, that the preceding valuation was too high. *Burkett v. Clark,* 46 Nebr., 466, gives no countenance to the theory that the statute quoted is a limitation upon the officer's authority to make more than two appraisements.

The order appealed from is right and is

AFFIRMED.